UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECCA KING, : Case No. 1:07-cv-338
:
   Plaintiff, : Spiegel, J.
: Black, M.J.
vs. :
:
COMMISSIONER OF :
SOCIAL SECURITY, :
:
   Defendant. :

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE ALJ UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g); AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding plaintiff "not disabled" and therefore unentitled to a period of disability and disability income benefits. *See* Administrative Transcript ("Tr.") (Tr. 15-24) (ALJ's decision).

**I.**

On October 10, 2002, plaintiff filed an application for disability insurance benefits alleging a disability onset date of September 27, 2002, due to severe back and knee problems and carpal tunnel syndrome.[2] (*See* Tr. 57.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff's claim is for a closed period of benefits from September 2002 through June 2006.

Upon denial of her claims on the state agency level, she requested a hearing *de novo* before an ALJ. A hearing was held on January 23, 2006, at which plaintiff appeared with counsel and testified. (*See* Tr. 920-50.) A vocational expert, Mr. Barry Brown, was also present and testified. (Tr. 942-49.)

On June 21, 2006, the ALJ entered his decision finding plaintiff not disabled. That decision became defendant's final determination upon denial of review by the Appeals Council on March 2, 2007. (Tr. 6-9.)

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 2007.

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following "severe" impairments: bilateral knee osteoarthritis with residuals of surgeries including bilateral total knee replacements and mild degenerative disc disease in the lumbar spine with chronic lumbosacral sprain (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. <u>Residual functional capacity</u>. After careful consideration fo the entire record, the undersigned finds that the claimant has the residual functional capacity to: lift up to twenty pounds occasionally and ten pounds frequently; standing and walking are limited to a combined total of two hours in an eight-hour workday; she must have the option to alternate positions as needed; she must avoid climbing ladders, scaffolds, or working at unprotected heights; kneeling, crouching, crawling or climbing stairs; more than occasional stooping; working around moving machinery or using

      vibrating tools. Therefore, she is limited to a reduced range of light exertion work.

6. The claimant is able to perform past relevant work (20 CFR 404.1565).

7. The claimant was born on March 17, 1955. She was forty seven years old at the alleged disability onset date and considered to be a "younger individual." She turned fifty years old on March 17, 2005 and since then is considered to be an individual "closely approaching advanced age" (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not a material issue at this time (20 CFR 404.1568).

10. Considering her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from September 27, 2002 through the date of this decision (20 CFR 404.1520(g)).

(Tr. 18- 23.)

The ALJ concluded that plaintiff was not entitled to a period of disability or disability insurance benefits during the closed period. (Tr. 23.)

On appeal, plaintiff argues that the ALJ erred: (1) in giving controlling weight to the opinion of Dr. Ray; (2) in failing to pose a valid hypothetical to the vocational expert; and (3) in evaluating plaintiff's pain, credibility and subjective complaints. Upon review, the undersigned finds plaintiff's second and third errors to be well-taken and dispositive and therefore recommends that this matter be remanded under sentence four of 42 U.S.C.

§ 405(g).³

**II.**

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

---

³ Plaintiff's first alleged error is not well-taken. In January 2006, Dr. Paley , plaintiff's treating physician, issued a one-page letter stating that plaintiff is unable to work. (Tr. 919.) However, only after the ALJ issued his decision on June 21, 2006 was the letter was submitted to the Appeals Council. Plaintiff has not shown (and/or provided any argument) that this matter should be remanded under sentence six of 42 U.S.C. § 405(g). *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir.1993) (When a plaintiff presents evidence to the Appeals Council but not to the ALJ ("additional evidence"), and the Appeals Council considers the additional evidence but declines to review the plaintiff's claim, the District Court may not consider that additional evidence, unless all the requirements of a remand under sentence six of 42 U.S.C. § 405(g) are met).

**A.**

In determining plaintiff's residual functional capacity (RFC) to be for a reduced range of light work, the ALJ based his finding on the assessment by Dr. Ray, a state agency consultative examiner. (Tr. 20.) Dr. Ray found that plaintiff could life ten pounds frequently, and twenty pounds occasionally. (Tr. 897.) He opined that she could stand or walk for two hours in an eight hour work day. (*Id.*) Although he indicated that plaintiff's ability to sit was not affected by her impairments, he expressly stated that "she would need a stool to prop the right leg up because of the contracture." (Tr. 897.)

In response to questioning by plaintiff's counsel, the VE testified that a requirement to keep one's legs elevated, even as much as twelve inches off the ground, could severely impact the work base. The VE did not give specific information regarding the number of jobs that would be affected by the use of a stool. However, he stated:

> It is really close. . . I am not going to say whether that would preclude employment or not, however, I can say that there will be many supervisors that will not be happy with that, and will, or would not hire somebody, or would fire somebody if they had to do that.

(Tr. 948.)

However, the ALJ did not include the use of the stool in his RFC determination or in the hypothetical questions posed to the VE. Based on a hypothetical question that did not include Dr. Ray's stool limitation, the VE testified that plaintiff could perform the job of loan clerk (her past relevant work)  Thus, at step-four of the sequential benefits analysis, the ALJ found plaintiff not disabled because she could perform her past work.

In the alternative, the ALJ also found that plaintiff could perform a significant number of jobs in the national economy. However, such findings are not supported by substantial evidence.

The hypothetical questions posed to a VE for purposes of determining whether the claimant can perform other work should be a complete assessment of the claimant's physical and mental state and should include an accurate portrayal of the claimant's physical and mental impairments. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 632 (6th Cir.2004) (citing *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir.1987)). Nevertheless, an ALJ is only required to incorporate into hypothetical questions those limitations that he or she has accepted as credible. *Wigginton v. Comm'r of Soc. Sec.*, 2008 WL 783374 at *6 (S.D. Ohio) (unpublished disposition) (*citing Stanley v. Sec. of Health and Human Servs.*, 39 F.3d 115, 118-119 (6th Cir.1994)). Substantial evidence may be produced through reliance on the testimony of a VE in response to a "hypothetical" question, but only if the question accurately portrays the claimant's individual physical and mental impairments. *See Varley v. Secretary of H.H.S.*, 820 F.2d 777, 779 (6th Cir.1987).

Here, however, Dr. Ray did not specify any required height of the stool nor duration the stool would need to be used by plaintiff while working. The Commissioner therefore asserts that this limitation for leg elevation was non-specific and vague, and, as a result, the ALJ was not required to adopt this finding. The undersigned does not dispute that it is the ALJ's prerogative to resolve conflicts and weigh the evidence of record.

-6-

However, while the ALJ may not be required to adopt Dr. Ray's stool limitation, he is required to articulate (or even mention) the rationale for adopting or rejecting this limitation as provided by Dr. Ray.  *See Hurst v. Secretary of Health & Human Servs.,* 753 F.2d 517, 519 (6th Cir. 1985). (To be entitled to substantial deference...[an ALJ's non-disability finding] must clearly articulate the rationale underlying the decision.)

Based on the evidence of record, the undersigned finds that the evidence is less than conclusive as to whether the ALJ's questioning of the VE accurately portrayed the plaintiff's impairments, in particular Dr. Ray's finding that she requires the use of a stool.

Accordingly, the undersigned finds that this matter should be remanded for further fact finding so the ALJ can accurately portray and incorporate all the plaintiff's impairments and restrictions, including the use of a foot stool (if necessary), into any hypothetical questions directed to the VE concerning plaintiff's vocational opportunities.

**B**.

The undersigned also agrees that the ALJ erred in evaluating plaintiff's pain, credibility, and subjective complaints.

In assessing plaintiff's complaints of pain, the ALJ found that plaintiff's daily activities are not inconsistent with a capacity to perform a reduced range of light work. (Tr. 21)  The ALJ noted that plaintiff is able to dress, bathe, and groom herself.  He further noted that she prepares meals, does some housecleaning and laundry, puts dishes in the dishwasher, makes the beds and dusts, and uses the computer for e-mailing.  (Tr. 22)  The ALJ also noted that plaintiff took a trip to Colorado in 2004 which "certainly

<u>shows that she was not bedridden or an invalid</u>." *Id*. (emphasis added)

Such language is not helpful and fails to articulate the standard for disability as outlined in the Social Security Regulations. More importantly, plaintiff's ability to engage in daily activities does not establish *ipso facto* that she is able to engage in gainful activity 40 hours per week. The ALJ erred by selectively relying on plaintiff's testimony regarding her daily activities. *See Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) ("[A] person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity.") It is well recognized that a claimant's ability to perform limited and sporadic tasks does not mean she is capable of full-time employment. *See Carradine v. Barnhart,* 360 F.3d 751, 755 (7th Cir. 2004); *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001).

Moreover, when considering a claim for disability based on pain, the Court is guided by the Sixth Circuit's instruction that, initially, there must be objective evidence of an underlying medical condition. *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). SSR 96-7p establishes a two step process for evaluating the claimant's testimony and statements about symptoms such as pain, fatigue or weakness.

First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. If not, the symptoms cannot be found to affect the claimant's ability to do basic work activities. SSR 96-7p.

-8-

Second, if an underlying physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the ALJ must evaluate the intensity, persistence and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit his ability to work.  If the claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the claimant's statements based on a consideration of the entire case record. SSR 96-7p.

The "ALJ may not disregard subjective complaints merely because they are not fully supported by objective medical evidence." *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir.1995).  Rather, this is but one factor to consider, along with the claimant's daily activities; the location, duration, frequency and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medication; treatment other than medication; any measures the claimant has used to relieve the pain or other symptoms; and functional limitations and restrictions.  20 C.F.R. § 404.1529(c)(3); *see also* SSR 96-7p.

Here, the ALJ found that plaintiff's complaints were not supported by the evidence of record.  Specifically, the ALJ contends that plaintiff testimony "grossly misrepresents" the record when she indicated that she "lost the use of her legs in 1998 due to a motor vehicle accident." (Tr. 22.)   The ALJ found that plaintiff has consistently been able to walk and use her legs and there is no evidence of any injury to the knees in 1998. (*Id.*)

Plaintiff agrees that her language may literally have overstated her injuries; however, she asserts that it is a true representation of how the knee injury has affected her life. More importantly, while plaintiff may not have been treated in 1998, the medical evidence of record shows problems with her knees beginning in 1999.

As the record reflects:

After the accident, plaintiff began to experience pain and swelling in her knees and in May 1999 she was referred for physical therapy on both knees. (Tr. 333-334.) In August 1999, she underwent surgery on her right knee performed by Dr. Roman. (Tr. 336-337.) The post-operative diagnosis was right knee medial and lateral plica, chondromalacis, patella and femoral condyle and intercondylar notch.

In January 2000, Dr. Roman indicated that plaintiff had developed arthrofibrosis after the knee scope and that her range of motion was extremely limited, with only 90 degrees of passive flexion in therapy. (Tr. 440.)

Also in January 2000, an MRI of her right knee showed a small joint effusion, etiology uncertain. (Tr. 398.)

In May 2000, plaintiff was admitted to Good Samaritan hospital with a diagnosis of adhesive capulitis and patellofemoral contraction syndrome of the right knee, and she underwent surgery to relieve the capulitis and contractions. (Tr. 467.)

In February 2002, plaintiff underwent a total replacement surgery on her right knee. (Tr. 611-12.) Treatment notes from June 2003 indicate that plaintiff returned to use of a cane for ambulation, per the suggestion of a physical therapist, due to knee

weakness and giving way.

In January 2005, plaintiff underwent arthrosporic surgery of her left knee. (Tr. 856.) Thereafter, in October 2005, plaintiff underwent a total replacement surgery of her left knee. (Tr. 900-02.)

Thus, the record contains objective medical evidence of an underlying knee impairment that could produce disabling pain. Given plaintiff's extensive treatment history, surgeries, physical therapy, and pain management treatment, her alleged exaggeration of the affects of her injury does not show that her complaints were not credible. Accordingly, there is insufficient evidence in the record to support the ALJ's findings with respect to credibility, and further-fact finding is necessary in order to properly evaluate plaintiff's pain credibility and subjective complaints pursuant to SSR 96-7p.

### III.

A sentence four remand provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher,* 17 F.3d at 175. "It is well established that the party seeking remand bears the

burden of showing that a remand is proper under Section 405." *Culbertson v. Barnhart,* 214 F. Supp. 2d 788, 795 (N.D. Ohio 2002) (*quoting Willis v. Secretary of Health & Human Servs.,* 727 F.2d 551 (6th Cir. 1984)).

## IV.

Based upon the foregoing, the undersigned concludes that remand is appropriate in this matter because there is insufficient evidence to support the ALJ's decision.

**IT IS THEREFORE RECOMMENDED** that the decision of the Commissioner to deny plaintiff DIB and SSI benefits be **REVERSED**, and this matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g) so that the ALJ can accurately portray all the plaintiff's impairments and restrictions into her RFC assessment, including the use of a foot stool (if necessary), properly incorporate such impairments and restrictions into any hypothetical questions directed to the VE concerning plaintiff's vocational opportunities, and properly evaluate plaintiff's credibility pursuant to SSR 96-7p.


Date: August 26, 2008                                             s/Timothy S. Black
                                                                  Timothy S. Black
                                                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA KING, | : | Case No. 1:07-cv-338 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).