UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECCA KING,                    :
                                 : CIVIL NO. 1:07-CV-00338
        Plaintiff,               :
                                 :
   v.                            : **OPINION AND ORDER**
                                 :
                                 :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
        Defendant.               :

This matter is before the Court on Plaintiff's Motion for Fees and Costs under Equal Access to Justice Act, 28 U.S.C. §2412(d) (doc. 25), Defendant's Response (doc. 26), and Plaintiff's Reply (doc. 27). For the reasons stated herein, the Court DENIES Plaintiff's motion.

On April 27, 2007, Plaintiff Rebecca King brought this action pursuant to Title 42 U.S.C. § 405(g) of the Social Security Act, for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits for the closed period from September 2002 through June 2006 (doc. 1). At issue was whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff "not disabled," and therefore, unentitled to Social Security disability benefits for knee and back problems. The ALJ found that Plaintiff suffers from bilateral knee osteoarthritis, mild degenerative disc disease in the lumbar spine, and chronic lumbosacral pain (doc. 18). Although the ALJ found these impairments to be severe, he

found that none met any Listings in 20 C.F.R. 404.1520(d), 404.1525, and 404.1526 (Id.). The ALJ found that Plaintiff had a residual functional capacity enabling her to perform a reduced range of light exertion work, and that she could perform a significant number of jobs in the national economy (Id.). As such, the ALJ concluded that Plaintiff was not entitled to a period of disability or disability insurance benefits during the closed period (Id.).

The Court reviewed the Report and Recommendation and affirmed the Magistrate Judge's finding that 1) the ALJ failed to pose a valid hypothetical to the vocational expert, and 2), the ALJ failed to properly evaluate Plaintiff's pain, credibility, and subjective complaints (doc. 23). The Court reversed the Commissioner's decision and remanded the matter pursuant to Section 405(g)so the ALJ could accurately include all of Plaintiff's impairments and restrictions into her RFC assessment, including the use of a foot stool, if necessary, properly incorporate such impairments and restrictions into any hypothetical questions directed to the VE concerning Plaintiff's vocational opportunities, and properly evaluate Plaintiff's credibility pursuant to SSR 96-7p (Id.).

Plaintiff's attorney now requests attorney's fees and costs in the amount of $4,298.75 pursuant to the Equal Access to Justice Act ("EAJA") (doc. 25). This amount represents twenty-five

(25) hours of work in this Court at a rate of $165.00 per hour (Id.). A prevailing party in an action brought by or against the United States may be entitled to an award of attorney's fees and costs under the EAJA unless otherwise prohibited by statute or unless the Court finds the "position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). Plaintiff claims she is a prevailing party under the EAJA because she obtained a remand under sentence four of 42 U.S.C. § 405 (g). Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

Defendant concedes that Plaintiff is a prevailing party but claims that the position of the government agency was justified or, in the alternative, that the requested fees are not reasonable (doc. 25). Defendant argues that although this Court found the ALJ's analysis insufficient, the agency had a reasonable basis for its position (Id.). Defendant contends:

> Based on the evidence in the record, including compelling objective medical findings, a lack of credibility, vocational expert testimony, and varied activities of daily living, the Commissioner was justified in finding Plaintiff could perform a range of light work - including her past relevant work (Id.).

Alternately, Defendant claims that Plaintiff has not met the burden of showing that the requested hourly rate is a reasonable fee based on prevailing market rates (Id.).

Having reviewed this matter, the Court finds Defendant's

3

position well-taken.  Fees and costs will not be awarded to a prevailing party if the government's position was substantially justified.  28 U.S.C. § 2412 (d)(1)(A). The government's position was substantially justified if there was a "genuine dispute" or if the government's position was "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988). Substantial justification encompasses a lower standard than substantial evidence, and the government's position may be substantially justified for purposes of the EAJA even though the government did not prevail on the merits.  Id. at 569.  Given this standard, the Court finds that the Commissioner's decision to deny benefits had a reasonable basis, although the ALJ was ultimately reversed by the Court.[1]

Plaintiff, although a prevailing party, has not shown that the position of the Commissioner was not substantially justified.  As such, the Court DENIES the application for attorney's fees under the EAJA.

SO ORDERED.

Dated:   July 7, 2009          /s/ S. Arthur Spiegel

                               S. Arthur Spiegel

                               United States Senior District Judge

---

[1] Because of this conclusion, the Court need not reach the question of whether the requested fees are reasonable.